**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUNTRUST BANK,**

                **Plaintiff,**

**-vs-**                                                      **Case No. 6:10-cv-1317-Orl-31GJK**

**JOHN THEDERS and CHERYL E.**
**THEDERS,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 20)** |
| **FILED:** | **July 12, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

## I.    BACKGROUND

On September 2, 2010, Plaintiff, SunTrust Bank, filed a complaint against Defendants, John Theders and Cheryl E. Theders, for breach of contract. Doc. No. 1.[1] Defendants executed

---

[1] John Theders is alleged to have two aliases: John B. Theders and John Bernard Theders. Doc. No. 1. Cheryl Theders is alleged to have several aliases: Cheryl E. Ripka, Cheryl E. Leroy, Cheryl E. Monaco, Cheryl Elizabeth Theders, Cheryl Elizabeth Ryan, Cheryl Leroy, and Cheryl Ripka. Doc. No. 1.

an "Access 3 Equity Line Account Agreement and Disclosure Statement" (hereafter "Loan Agreement"), obligating them to make installment payments on a $240,000 line of credit. Doc. No. 1-1.[2] When Defendants defaulted on their installment payments, Plaintiff elected to accelerate payment of the balance due. Doc. No. 1 at 3. As a result, Plaintiff alleges "Defendants are indebted to Plaintiff for the unpaid balance . . ., plus interest, attorney's fees, costs and other charges" as provided by the Loan Agreement. Doc. No. 1 at 3.

On December 21, 2010, John Theders was served with the summons and complaint. Doc. No. 7. On March 21, 2011, the clerk of the court entered a default against John Theders. Doc. No. 12. On May 20, 2011, Cheryl Theders was served with the complaint and summons and the clerk of the court entered a default against her on June 21, 2011. Docs. No. 15 & 18. Plaintiff now moves for a final default judgment, supported by affidavit, requesting the liquidated sum of $237,463.96. Doc. Nos. 20 at 3; 20-1 at 2.

## II. ANALYSIS

When a default is entered, the defendant is considered to have admitted all of the complaint's well pled allegations of fact. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007). The mere entry of a default, however, does not in itself warrant the entry of a default judgment. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] This is because the defendant does not admit conclusions of law or factual allegations that are not well pled. *See Alcocer*, 218 Fed. App'x at 863. A default judgment for damages should only be entered when the well pled allegations of the complaint "actually state a

---

[2] The Loan Agreement is attached to the complaint as exhibit 1. Doc. No. 1-1.

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit before October 1, 1981.

substantive cause of action and . . . there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* A default judgment "may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 858 (5th Cir. 1979).

The well pled facts in the Complaint, along with the attached Loan Agreement, indicate that Defendants executed the Loan Agreement and failed to make installment payments. This is sufficient to establish a valid contract and Defendants' breach. Plaintiff's complaint sought the unpaid balance on the Loan Agreement plus interest, attorney's fees, costs and other charges as provided in the Loan Agreement. This sum is undoubtedly one capable of mathematical calculation, as illustrated by Plaintiff's supporting affidavit which requests the sum of $237,463.96. *See* Doc. No. 20-1 at 2.[4]

After reviewing the Complaint, motion for default judgment and supporting affidavit, it is recommended that the Court find Plaintiff is entitled to a final default judgment for the liquidated sum of $237,463.96. *See Suntrust Bank v. Milano*, 2010 WL 2804855 at *1 (M.D. Fla. Jul. 15, 2010) (where complaint seeks liquidated sum, "[p]laintiff is entitled to final judgment for the liquidated sums . . . which are capable of mathematical computation or ascertainment from definite figures . . . in the documentary evidence or in detailed affidavits."). Accordingly, the undersigned **RECOMMENDS** the Court:

1. **GRANT** the motion for final default judgment (Doc. No. 20);

2. Direct the Clerk to enter a default judgment in the amount of $237,463.96 in favor of Plaintiff and against Defendants; and

---

[4] Plaintiff's supporting affidavit avers that the outstanding balance on the Loan Agreement is $237,463.96 and does not request interest, attorney's fees or costs.

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on August 8, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties